**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| HARRY VEGA | : | CASE NO. 3:17-CV-00107 (AWT) |
| V. | : | |
| SCOTT SEMPLE, ET AL. | : | MAY 24, 2017 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF CONSOLIDATION**

## I.     INTRODUCTION

Pursuant to Rule 42(a)(2) of the Federal Rules of Civil Procedure, the defendants Commissioner of Correction Scott Semple, former Commissioners of Correction James Dzurenda, Leo Arnone, Theresa Lantz, James Armstrong, and Lawrence Meachum, Warden Henry Falcone of Garner Correctional Institution, Director, Department of Correction Engineering and Facilities Management Steven Link, and former Director of Correction Engineering and Facilities Management David Batten hereby move this court, to consolidate the above-captioned matter with Michael Cruz, et al. v. Scott Semple, et al., 3:17-CV-0348 (JBA) on the basis that the two actions involve a common question of law and fact.

## II.     FACTS

On January 25, 2017, plaintiff filed a civil rights action against the aforementioned nine (9) defendants alleging that he was exposed to high levels of radon while at Garner Correctional Institution. ECF # 1. The complaint, comprised of 140 paragraphs, contains two counts: Count 1 – Federal Constitutional Violations; and

Count II – State Law Claims. The complaint also contains sections relevant to class actions claims, Id., ¶ 29 – 38, while at the same time arguing that exemption from a class action would be in his best interest. For example, Plaintiff requests to be excluded from Grenier et al. v. Semple et al., 3:16-CV-01465 (AVC)[1], a class action with "facts being similar in content to his own individual" claim, so as to secure an individual outcome favorable to him. ECF # 1, ¶ 1, ¶ 26.

Specifically, plaintiff alleges he was housed at Garner from 1998 to 2000, and again from March 4, 2010, until September 10, 2016. Id., ¶ 9. In December 2013 and January 2014, radon testing at Garner revealed radon levels in excess of the EPA action level of 4.0 pi C/L. Id., ¶ 27. Inmates housed at Garner were not informed of the test results. Id., ¶ 39. The Department of Correction installed a radon mitigation system which was completed on October 10, 2014. Id., ¶ 130. Plaintiff declares that the system was placed only in areas that had been tested for radon.

The plaintiff states that he suffers from "an imminent pulmonary growth in his right upper lung region." Id., ¶ 38. Plaintiff claims that other inmates have been diagnosed with lung cancer, chronic obstructive pulmonary disease, emphysema, chronic interstitial pneumonia, pulmonary fibrosis or sarcoidosis. Id., ¶ 28

Plaintiff notes that Garner was constructed on the site of the former Fairfield Hills Hospital in Newtown, Connecticut. Id., ¶ 58. Despite a EPA and U.S. Geological Survey evaluation of radon potential in the United States, which placed Newtown in Zone 1 –

---

[1] That case was closed on February 27, 2017.

Highest Potential, defendant Meachum, on behalf of the Connecticut Department of Correction decided to construct Garner in an area where radon levels would likely exceed acceptable levels. Garner was completed in 1992. Id., ¶ 60 - 62. It is a closed ventilation system so windows cannot be opened. Id., ¶ 44.

Plaintiff states that the Engineering and Facilities Management department should have recommended that defendant Meachum include a radon mitigation system in the construction of Garner. Id., ¶ 66. No successive commissioner performed radon testing. Id., ¶¶ 70.

In the fall of 1996, plaintiff states that the Department of Public Health surveyed well water throughout Connecticut and found that the wells in Newtown had high levels of radon. Id., ¶ 73. The level at the Middle Gate School, which shared a well system with Garner was eight times the EPA acceptable guideline level. Id., ¶ 78. Despite this information, plaintiff proclaims that Defendant Armstrong failed to conduct similar tests at Garner or test for indoor radon between November 2000 and January 2003. Id., ¶ 80.

In 2006, plaintiff notes that defendant Batten wrote an article about the dangers of radon for the Department of Correction newsletter. Id., ¶ 81. Plaintiff then proclaims that despite his knowledge of the dangers of radon, he failed to ensure that radon testing was performed at Garner. Id., ¶ 82.

Plaintiff then asserts that state statutes required radon testing in all schools beginning in 2003, yet no testing was done at Garner. Id., ¶ 90. Radon testing was performed in the classrooms at Garner in 2013 in response to a federal mandate that all

classrooms be tested. Id., ¶ 84. In response to the classroom test results, correctional officials were notified that follow-up testing was required in an expanded area. Id., ¶¶ 89 – 97. Plaintiff states that no housing units were tested. Id., ¶ 102. Plaintiff alleges that while correctional officials informed staff of the test results in March 2014, inmates were not. Id., ¶¶ 108 – 110. A remediation system was completed on October 10, 2014. Id., ¶ 130.

### III.     STANDARD

Fed. R. Civ. P. 42(a) provides: If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid necessary cost or delay.

"The trial court has broad discretion to determine whether consolidation is appropriate." Johnson v. Celotex Corp., 899 F. 2d 1281 (2d Cir. 1990). Consolidation of related actions is favored. See United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 & n.1 (1996) ("Under the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

The effect of consolidation is to permit joint proceedings but still maintain the two or more cases as separate suits with separate judgments: "Consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suit into a single cause, or change the rights of the parties, or make those who are parties in

one suit parties in another." Johnson v. Manhattan Ry, Co. 289 U. S. 479, 496-7 (1993). Consolidation under Rule 42(a) is appropriate where, as here, the plaintiffs and the defendants are essentially the same. 9 Wright & Miller, Federal Practice and Procedure, §2384 p. 447 ("Actions involving the same parties are apt candidates for consolidation.")

The moving party "bears the burden of showing the commonality of factual and legal issues in different actions." In re Repetitive Stress Injury Litigation, 11 F.3d 368, 373 (2d Cir. 1993).

## IV.   ARGUMENT

In February 2016, a "class action complaint" was filed in which it is alleged that inmates have been exposed to harmful levels of indoor radon gas while incarcerated at Garner Correctional Institution. Gernier, et al. v. Semple, et al.,  3:16-cv-01465 (AVC). The Gernier case was closed in February 2017.

Plaintiff filed his complaint on January 25, 2017. Plaintiff's complaint is verbatim to that which is alleged in Gernier, with exception of deleting any reference to class members. The defendants in Gernier are the same defendants in the present case. The plaintiff's case is in the infancy stage of litigation.

In February 2017, a "class action complaint" was filed in which it is alleged that inmates have been exposed to harmful levels of indoor radon gas while incarcerated at Garner Correctional Institution. Cruz, et al. v. Semple, et al., 3:17-CV-00348 (JBA). The Cruz complaint is mostly verbatim to the allegations in Gernier. The defendants in Cruz

are the exact same defendants as those named in this case. The <u>Cruz</u> matter is in the infancy stage of litigation.

      A commonality between these cases is that both actions arise out of exposure to radon while incarcerated at Garner Correctional Institution. Plaintiff claims exposure from 1998 – 2000 and 2010 to 2016. The <u>Cruz</u> plaintiffs claim exposure from as early as 1994 (Kenya Brown) through present day. Both cases claim, *inter alia*, that Garner Correctional Institution was built in 1992 on land that had once been the waste site for the state mental health facility located at Fairfield Hills Hospital in Newtown, Connecticut. Both cases claim that federal and state laws regarding radon were ignored by the defendants. Both cases claim the defendants acted deliberately indifferent to conditions imposing an unreasonable risk of serious damage to inmates housed at Garner Correctional Institution through exposure to radon. Both cases are at the same stage of preparation and will require depositions, disclosure of experts, and response to what could be voluminous discovery. Judicial economy is well-served by consolidating and coordinating these actions into a single, unified proceeding that avoids the inefficiencies and confusion attending the parallel administration of these two identical cases. Indeed, consolidation is appropriate here.

## V.    <u>CONCLUSION</u>

      This action and <u>Cruz, et al. v. Semple, et al.</u> share a common set of operative facts and question of law. Accordingly, the defendants move this court to consolidate the two cases.

                                Respectfully submitted by,
                                DEFENDANTS,
                                Semple, et al.

                                GEORGE C. JEPSEN
                                Attorney General

By:                 _____
                                DeAnn S. Varunes
                                Juris Number ct25903
                                Assistant Attorney General
                                110 Sherman Street
                                Hartford, CT 06105
                                Telephone: 860-808-5450
                                Fascimile: 860-808-5591
                                E-mail: deann.varunes@ct.gov

## **CERTIFICATION**

I hereby certify that on May 24, 2017, a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

Mr. Harry Vega
Inmate Number #246806
Cheshire Correctional Institution
900 Highland Avenue
Cheshire, CT 06410

Michael A. Stratton, Esq.
Stratton Trial P.C.
117 River Street
Milford, CT 06604

Lori A. Welch-Rubin, Esq.
Lori A. Welch, LLC
37 Northrop Road Extension
Bethany, CT 06524

Martin J. Minnella, Esq.
Minnella, Tramuta, and Edwards, LLC
530 Middlebury Rd. Suite 103B
Middlebury, CT 06762

                                                   /s/DeAnn S. Varunes
                                                   DeAnn S. Varunes
                                                   Assistant Attorney General