UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARRY VEGA, *et al.*, <br>    *Plaintiffs*, <br><br> v. <br><br> SCOTT SEMPLE, *et al.*, <br>    *Defendants*. | : <br> : <br> : <br> :    CIVIL NO. 3:17-CV-0107(JBA) <br> : <br> : |

**PROTECTIVE ORDER *re:* DESIGNATED MATERIAL**

1. It is hereby ordered by the Court that the following shall apply to information, documents, excerpts from documents, and other materials or information produced in this action pursuant to Federal and Local Rules of Civil Procedure governing disclosure of information.

2. Information, documents, and other materials may be designated by the producing party or producing entity ("Producing Party") in the manner permitted herein. All such information, documents, excerpts from documents, and other materials will constitute "Designated Material" under this Order. The designation shall be in the forms of (a) "CONFIDENTIAL," or (b) "CONFIDENTIAL – Attorneys' Eyes Only." This Order shall apply to Designated Material produced in this action by any party or third or nonparty.

3. "CONFIDENTIAL" information means information, documents, or things that have not been made public by the Producing Party or that the Producing

        Party reasonably and in good faith believes contains information that implicates or compromises the (a) safety or security of a correctional facility or facilities or correctional official or officials (current or former); (b) safety or security of an inmate or inmates or former inmate or inmates; (c) a matter protected from disclosure by state or federal common law, stator law, or regulation; (d) an individual's legitimate expectation of privacy; or that (e) contains or compromises trade secrets or proprietary business information.

4.   "CONFIDENTIAL – Attorneys' Eyes Only" ("AEO") means CONFIDENTIAL information that the disclosing party—or the disclosing party's attorney—reasonably and in good faith believes is sufficiently sensitive or believes raises sufficient safety, security, or privacy concerns such that disclosure under a designation of "CONFIDENTIAL" is insufficient to protect the safety, security, or privacy interests involved and that good cause therefore exists to designate the view and use of the material for the parties' attorneys only. Because one or more of the parties to this case is an inmate or former inmate that is or was incarcerated within the Connecticut Department of Correction, and because the litigation involves disclosure of a variety of correctional records, including those with information concerning correction staff, other inmates, health information, and the layout of the Garner prison, the parties agree that "CONFIDENTIAL – Attorneys' Eyes Only" designations for information described in this Paragraph will balance the interests advancing

this litigation while still preserving the other interests involved. Further, "CONFIDENTIAL – Attorneys' Eyes Only" also includes information that the Producing Party—or the Producing Party's attorney—reasonably and in good faith believes is so highly sensitive that it could result in significant competitive or commercial disadvantage to the Producing Party, such that disclosure under designation of "CONFIDENTIAL" is insufficient to protect the commercial safety, security, or privacy interests involved and that good cause therefore exists to designate the view and use of the material for the persons described in Paragraphs 5(c) and (d).

5.   Designated Material shall not be used or disclosed for any purpose other than the litigation of this action and may be disclosed only as follows:

   a. *Parties*: Material designated as "CONFIDENTIAL" may be disclosed to parties to this action or directors, officers, and employees of the parties to this action, who have a legitimate need to see the information in connection with their responsibilities for overseeing the litigation or assisting counsel in the litigation. Before Designated Material is disclosed for this person, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A. <u>No material designated as "CONFIDENTIAL – Attorneys' Eyes Only" can be disclosed to plaintiffs (or anyone other than plaintiffs' counsel), even in preparation of plaintiff(s) as witnesses in this case, without the consent of counsel of</u>

all parties (including counsel for the Commissioner of Correction), or unless a challenge is made to the AEO designation in compliance with Paragraph 11 and the challenge is resolved either through an agreement with the Producing Party or by the Court in the Challenging Party's favor.

b. *Non Parties, including Non-Party Witnesses or Prospective Witnesses*: Designated Material that is designated as "CONFIDENTIAL," may be disclosed to a non-party witness or prospective non-party witness in this action, but only for purposes of testimony or preparation of testimony in this case at trial or hearing, but it may not be retained by the witness or prospective witness.  Before Designated Material is disclosed for this purpose, each such person must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.  No Designated Material shall be disclosed to a nonparty witness or prospective witness who is incarcerated or who was formally incarcerated without either consent of all parties' counsel (including counsel for the Commissioner of Correction if the Defendants are the Producing Party), or before a ruling on any challenge to the disclosure is resolved by the Court.  No material designated as "CONFIDENTIAL – Attorneys' Eyes Only" can be disclosed to witnesses or potential witnesses (or anyone other than those designated in Paragraphs 5(c) or (d)), even in preparation of such witnesses or potential  witnesses in this case, without the consent of counsel for the

Producing Party (including counsel for the Commissioner of Correction if the Defendants are the Producing Party), or unless the Court resolves challenge to the designation in the challenging party's favor.

c. *Counsel: including Parties' Counsel of Record, In-House Counsel, Outside Counsel, and Retained and Non-Retained Experts*: Designated Material, including material designated "CONFIDENTIAL – Attorneys' Eyes Only," may be disclosed to the Receiving Parties' counsel of record, in-house counsel, outside counsel, the Receiving Parties' retained experts and non-retained experts, along with the Receiving Parties' associate counsel, paralegals, and regularly employed office staff.  The Receiving Parties retained and non-retained experts shall execute a document substantially similar to Exhibit A prior to viewing Designated Material and shall at all times agree to comply with the terms of this Order.  Further, material designated as "CONFIDENTIAL — Attorneys' Eyes Only" may be disclosed as appropriate to attorneys within the Department of Correction Legal Affairs unit and within the Connecticut Office of the Attorney General, including attorneys in addition to the Assistant Attorneys General who have appeared as counsel of record in this litigation.

d. *Other persons*: Designated Material may be provided as necessary to copying services, translators, and litigation support firms.  Before Designated Material is disclosed to such third parties, each such person

5

       must agree to be bound by this Order by signing a document substantially in the form of Exhibit A.

6. Prior to disclosing or displaying any Designated Material to any person, counsel shall:

   a. Inform the person of the confidential nature of the Designated Material; and,

   b. Inform the person that this Court has enjoined use of the Designated Material for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.

7. The confidential information may be displayed to and discussed with the persons identified in Paragraphs 5(b) and (d) only on the condition that, prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form of attached hereto as Exhibit A.  In the event that such person under Paragraph 5(b) or 5(d) refuses to sign an agreement substantially in the form attached as Exhibit A, the party desiring to disclose the confidential information may seek appropriate relief from the Court.

8. A person having custody of Designated Material shall maintain it in a manner that limits access to the Designated Material to persons permitted such access under this Order.

9. Counsel shall maintain a collection of all signed documents by which persons have agreed to be bound by this Order.

10. Documents, records, or other materials or information shall be designated by stamping or otherwise marking the documents with the words "CONFIDENTIAL," or "CONFIDENTIAL – Attorneys' Eyes Only," thus clearly identifying the category of Designated Material for which protection is sought under the terms of this Order. Designated Material not reduced to documentary form, or produced in native form, shall be designated by the producing party in a reasonably equivalent way such that is clear to the Receiving Party that such material has been designated either as "CONFIDENTIAL" or "AEO" material. The parties will use reasonable care to avoid designating as "CONFIDENTIAL" or "AEO" documents or information that does not need to be designated as such.

11. Within a reasonable time, a party ("Challenging Party") may submit a request in writing to the Producing Party of Designated Material that the designation be modified or withdrawn. If the Designating Person does not agree to the redesignation within fifteen business days, the Challenging Party may apply to the Court for relief. Upon any such application, the burden shall be on the Producing Party to show why the designation is proper. Before serving a written challenge, the Challenging Party must attempt in good faith the meet and confer with the Producing Party in an

effort to resolve the matter. The Court may award sanctions if it finds that a party's position was taken without reasonable justification.

12. Deposition transcripts or portions thereof may be designated either (a) when the testimony is recorded, or (b) by written notice to all counsel of record, given within ten business days after the Designating Person's receipt of the transcript, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Designating Person. Pending expiration of the ten business days, the deposition transcript shall be treated as designated. When testimony is designated at a deposition while the testimony is being recorded, the Designating Person may exclude from the deposition all persons other than those to whom the Designated Material may be disclosed under Paragraph 5 of this Order. Any party may mark Designated Material as a deposition exhibit, provided the deposition witness is one to whom the exhibit may be disclosed under paragraph 5 of this order and the exhibit and related transcript pages receive the same confidentiality designation as the original Designated Material.

13. Any Designated Material which becomes part of an official judicial proceeding or which is filed with the Court is public. Such Designated Material will be sealed by the Court only upon motion and in accordance with applicable law, including Rule 5(e) of the Local Rules of this Court. This Protective Order

does not provide for the automatic sealing of such Designated Material. If it becomes necessary to file Designated Material with the Court, a party must comply with Local Civil Rule 5 by moving to file the Designated Material under seal.

14. Filing pleadings or other papers disclosing or containing Designated Material does not waive the designated status of the material. The Court will determine how Designated Material will be treated during trial and other proceedings as it deems appropriate.

15. Upon final termination of this action, all Designated Material and Copies thereof shall be returned promptly (and in no event later than forty-five )45) days after entry of final judgment), returned to the producing party, or certified as destroyed to counsel of record for the party or entity that produced the Designated Material.

16. Inadvertent production or disclosure of confidential material shall not be deemed a waiver of a claim of confidentiality. Any such error shall be corrected within a reasonable time.

17. Nothing in this Order shall require disclosure of information protected by the attorney-client privilege, or other privilege or immunity, and the inadvertent production of such information shall not operate as a waiver. If a Producing Party becomes aware that it has inadvertently produced information protected by the attorney-client privilege, protection, or immunity, the

Producing Party will promptly notify each Receiving Party in writing of the inadvertent production. When a party receives notice of such inadvertent production, it shall return copies of inadvertently produced material within three business days. Any notes or summaries referring or relating to any such inadvertently produced material subject to claim of privilege, protection, or immunity shall be destroyed forthwith. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege designation by using the inadvertently disclosed information or material until any issue of privilege is resolved by agreement of the parties or by order of the Court. Notwithstanding the foregoing, a Receiving Party may use the inadvertently produced information or materials to respond to a motion by the Producing Party seeking return or destruction of such information or materials. If a Receiving Party becomes aware that it is in receipt of information or materials which it knows or reasonably should know is privileged, Counsel for the Receiving Party shall immediately take steps to (i) stop reading such information or materials, (ii) notify Counsel for the Producing Party of such information or materials, (iii) collect all copies of such information or materials, (iv) return such information or materials to the Designating Party, and (v) otherwise comport themselves with the applicable provisions of the Rules of Professional Conduct and the Local Rules of this District.

18. The foregoing is entirely without prejudice to the right of any party, third party, or nonparty to apply to the Court for any further Protective Order related to Designated Material; or to object to the production of Designated Material; or to apply to the Court for an order compelling production of Designated Material; or for modification of this Order; or to seek any other relief from the Court all as allowed by the federal and local rules.

19. The restrictions imposed by this Order may be modified or terminated only by further order of the Court.

                                                    IT IS SO ORDERED

Dated:  February __, 2021

                                                   _____
                                                   Janet Bond Arterton
                                                   United States District Judge