UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| HARRY VEGA, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> SCOTT SEMPLE, *et al.*, <br><br> *Defendants*. | Civil No. 3:17-cv-107 (JBA) <br><br> August 22, 2023 |

**RULING ON PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

**I.     Background**

The Court assumes familiarity with the factual background of this case. *See Vega v Semple*, 3:17-CV-00107 (JBA), 2018 WL 4656236 (D. Conn. Sept. 27, 2018) [Doc. # 73]. The procedural history is as follows. Plaintiff Harry Vega brought this putative class action on behalf of all present and former post-conviction inmates and pre-trial detainees incarcerated at Garner Correctional Institution ("Garner") since June 18, 1993 who were exposed unknowingly to unsafe levels of indoor radon gas. (Third Amended Complaint ("TAC") [Doc. # 156] ¶¶ 1-3.) Defendants are current and former Department of Corrections (DOC) officials with supervisory responsibility for all DOC facilities, including Garner. (*Id.* ¶ 4.) Plaintiffs allege that Defendants were deliberately indifferent to Plaintiffs' safety by failing to detect or remediate their radon exposure. (*Id.* ¶¶ 5-7.)

This matter was originally commenced as *Cruz v. Semple*, Dkt. 3:17-CV-00348 (JBA) and was consolidated with the *Vega* action. (*See* [Docs. ## 40, 47, 48].) Plaintiffs filed an amended complaint on August 16, 2017 [Doc. # 49], which Defendants moved to dismiss based on qualified and sovereign immunity [Doc. # 52], and which this Court granted in part and denied in part. *Vega v Semple*, 3:17-CV-00107 (JBA), 2018 WL 4656236 (D. Conn. Sept. 27,

1

2018) [Doc. # 73].[1] The Second Circuit affirmed in part, reversed in part, and remanded. *Vega v. Semple*, 963 F.3d 259, 267 (2d Cir. 2020) ("Accordingly, we AFFIRM the District Court's judgment insofar as it determined that Defendants violated clearly established law as of the date of the Supreme Court's decision in *Helling v. McKinney*, 509 U.S. 25, 29 (1993); AFFIRM in part the District Court's judgment insofar as it denied Defendants' motion to dismiss Plaintiffs' federal claims for injunctive and declaratory relief; REVERSE in part the District Court's judgment insofar as it denied Defendants' motion to dismiss Plaintiffs' state-law claims for prospective relief against the official-capacity defendants; and REMAND the cause to the District Court for further proceedings consistent with this opinion."). Subsequently, Plaintiffs filed a Third Amended Complaint [Doc. # 156] which Defendants then sought to dismiss [Doc. # 158]. On July 19, 2023, this Court granted that motion with respect to claims against Defendant Meachum and denied the motion as to all other claims. [Doc. # 179].

On January 30, 2023, Plaintiffs moved for class certification pursuant to Fed. R. Civ. P. 23 and D. Conn. L. Civ. R. 7(a). (Pls.' Mot. for Class Cert. [Doc. # 163] at 2.) Plaintiffs seek certification of two damages classes, a "Current Inmate Damages Class" and a "Former Inmate Damages Class," each of which would include inmates exposed to dangerous levels of radon while housed at Garner. (*Id.*) Plaintiffs also seek certification of an "Inmate Injunctive Relief Class" of current Garner inmates for "ongoing violations of their federal constitutional rights as a result of Defendants' failure to remediate the excessive radon levels at Garner and provide the inmates with proper medical screening and management." (*Id.*) Plaintiffs

---

[1] "[T]he Court GRANTS Defendants' Motion to Dismiss on qualified immunity grounds as to Eighth Amendment violations occurring before June 18, 1993, DENIES Defendants' Motion to Dismiss as to Eighth Amendment violations occurring after that date, GRANTS Defendants' Motion to Dismiss Plaintiffs' Fourteenth Amendment claim of denial of access to the Courts, and DENIES Defendants' Motion to Dismiss Plaintiffs' claims for injunctive and declaratory relief." 2018 WL 4656236, at *13.

represent they have identified "approximately 500 potential class members" to date who have claims arising from Defendants' deliberate indifference to the harmful effects of radon exposure. (*Id.*) Plaintiffs represent that their motion "is based on all of the papers and records on file in this action, including the Memorandum of Law in Support of Plaintiffs' Motion for Class Certification, and on any oral argument or evidence that may be presented at the requested hearing of this Motion." (*Id.*)

Defendants oppose the motion for certification on numerous grounds, including the absence of sufficient supporting documentation from Plaintiffs for their motion seeking class certification. (Defs.' Opp'n [Doc. # 172] at 7.)

## II.   Legal Standard

"Rule 23 of the Federal Rules of Civil Procedure permits a federal court to certify a class action by which named plaintiffs may litigate claims on behalf of a class of similarly situated aggrieved class members." *Kinkead v. Humana at Home, Inc.*, 330 F.R.D. 338, 345 (D. Conn. 2019). "Class actions under Rule 23 of the Federal Rules of Civil Procedure are an exception to the general rule that one person cannot litigate injuries on behalf of another." *Id*. (quoting *Langan v. Johnson & Johnson Consumer Cos., Inc*., 897 F.3d 88, 93 (2d Cir. 2018)).

"In order for the Court to grant plaintiffs' motion to certify a class under Rule 23(b)(3), plaintiffs must satisfy seven requirements. First, plaintiffs must satisfy the four threshold requirements of Rule 23(a)—numerosity, commonality, typicality, and adequate representation of the class." *Id.* (citing *In re Petrobras Secs*., 862 F.3d 250, 260 (2d Cir. 2017).) "Next, plaintiffs must satisfy two more requirements under Rule 23(b)(3)—predominance and superiority. In addition, plaintiffs must also satisfy an implied requirement of ascertainability to ensure that the class is sufficiently definite so that the Court can determine whether a particular individual is a member." *Id.*

The Rule 23 requirements do not endorse a "mere pleading standard." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). "A party seeking class certification must affirmatively

demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Id.* The Supreme Court has "emphasized that it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question, and that certification is proper only if the trial court is satisfied, after a rigorous analysis, that the prerequisites of Rule 23(a) have been satisfied." *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). "In evaluating a motion for class certification, the district court is required to make a definitive assessment of Rule 23 requirements, notwithstanding their overlap with merits issues, and must resolve material factual disputes relevant to each Rule 23 requirement. The Rule 23 requirements must be established by at least a preponderance of the evidence." *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010). In granting a motion for certification, a "district judge must receive enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met[.]" *In re Initial Pub. Offerings Sec. Litig.*, 471 F.3d 24, 41 (2d Cir. 2006), *decision clarified on denial of reh'g sub nom. In re Initial Pub. Offering Sec. Litig.*, 483 F.3d 70 (2d Cir. 2007).

### III. Discussion

Defendants focus on the fact that "the plaintiffs filed a motion and a memorandum of law only. There are no affidavits, exhibits, records, reports, supporting documents, or evidence filed in support of the motion seeking class certification." (Defs.' Opp'n at 7.)[2] This is inconsistent with the burden of proof on Plaintiffs at the class certification stage. For example, Defendants contest that Plaintiffs have established numerosity, noting that Plaintiffs fail to cite to any evidence (other than mere representations in their briefing or

---

[2] Plaintiffs attached certain documents as exhibits to their now inoperative First and Second Amended Complaints [Docs. ## 49, 114], but the substance of those prior exhibits does not suffice to establish that all the Rule 23 requirements have been met.

allegations in the Third Amended Complaint) for the number of class plaintiffs, or the health impacts of radon beyond lung cancer.[3] In their reply, Plaintiffs represent that "their experts will opine that exposure to radon can cause more than just lung cancer." (Pls.' Reply [Doc. # 178] at 5.) But Plaintiffs fail to point to any substantiating expert affidavit or medical studies with their motion or subsequent briefing.[4]

Defendants argue that Plaintiffs have failed to engage with the more rigorous requirements established by the Supreme Court and Second Circuit at the class certification stage. This Court agrees. Because it lacks a sufficient record on which to determine if Plaintiffs satisfy the requirements of Rule 23, the Court finds it appropriate to deny Plaintiffs' motion. However, such a denial is *without prejudice*. *See In re Initial Pub. Offering Sec. Litig.*, 483 F.3d at 73 ("District courts have ample discretion to consider (or to decline to consider) a revised class certification motion after an initial denial."); *see also B & R Supermarket, Inc. v. MasterCard Int'l Inc.,* No. 17-CV-02738 (MKB), 2018 WL 1335355, at *13 (E.D.N.Y. Mar. 14, 2018) (denying class certification motion without prejudice). Such a dismissal without prejudice is particularly appropriate here, where a more proper record will allow this Court to engage in an appropriately "rigorous analysis" to determine whether certification is proper. In *Sicav v. James Jun Wang*, No. 12 CIV. 6682 PAE, 2015 WL 268855, at *6-7 (S.D.N.Y. Jan. 21, 2015), the district court denied plaintiffs' motion for certification without prejudice because plaintiffs briefing failed to cite to admissible evidence, and instead "virtually all

---

[3] Defendants argue that radon health effects are relevant because if only those with lung cancer can said to be harmed by radon exposure, that has implications on the size of any potential class. (Defs.' Opp'n at 21.)

[4] As Exhibit A to Plaintiffs' Second Amended Complaint, Plaintiffs provided a World Health Organization report on radon, and one page of that report discusses very briefly the possible health effects of radon beyond lung cancer. ([Doc. # 114-1] at 14.) However, that section suggests that evidence of such non-lung cancer health effects is mixed and concludes by stating that the discussed studies "should not be taken as evidence that radon is acting as a cause of these diseases." (*Id.*) More is needed to satisfy Plaintiffs' burden.

factual representations in plaintiffs' class certification papers [were] the allegations made in plaintiffs' class action complaint."[5] The court held that "[f]or a class to be certified in this case, a far more rigorous, and a far more convincing, submission must be made." *Id.* Here too, any renewed motion for class certification by Plaintiffs must be based on a more robust submission that points to admissible evidence where necessary to establish the Rule 23 requirements for class certification.

## IV.   Conclusion

For the foregoing reasons, Plaintiffs' Motion for Class Certification is DENIED WITHOUT PREJUDICE. Any renewed motion for class certification, accompanied by appropriate documentation, is due October 6, 2023. Any opposition will be due October 27, 2023, and any reply will be due November 13, 2023.

IT IS SO ORDERED.

/s/

Janet Bond Arterton, U.S.D.J.
Dated at New Haven, Connecticut this 22nd day of August, 2023

---

[5] While Plaintiffs request a hearing on their motion, this request for a hearing does not abrogate Plaintiffs' responsibility to provide "enough evidence, by affidavits, documents, or testimony, to be satisfied that each Rule 23 requirement has been met." *Ex Teamsters Local 445 Freight Div. Pension Fund v. Bombardier Inc.,* 546 F.3d 196, 204 (2d Cir. 2008); *cf. Sicav*, 2015 WL 268855, at *6-7 (denying without prejudice based on the need for plaintiffs to provide a "far more convincing, *submission*")(emphasis added). The Second Circuit has recognized the discretion allowed to district courts as to whether a hearing is necessary. *See Teamsters,* 546 F.3d at 204. Here, where Plaintiffs do not provide appropriate evidentiary support, a hearing would not be of assistance to the Court. When the Court has an adequate record on which to make findings as to the Rule 23 requirements, an evidentiary hearing may be appropriate.